# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ELDA R. VALLE, | CASE NO. 11-cv-2453-MMA (WMC) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| JP Morgan Chase Bank, N.A. et. Al., | [Doc. No. 4] |
| Defendants. | |

Currently before the Court is Defendants' JPMorgan Chase Bank, N.A. ("Chase") and California Reconveyance Company's ("CRC") motion to dismiss *pro se* Plaintiff Elda R. Valle's complaint in the above-captioned foreclosure action. [Doc. No. 4.] For the reasons set forth below, the Court **GRANTS** the motion and **DISMISSES** the complaint.

## BACKGROUND

This action arises from events surrounding the foreclosure proceedings against Plaintiff's property, located at 5865 San Migueo Road in Bonita California 91902. To finance the purchase of the property, Plaintiff borrowed $400,000 from Washington Mutual Bank, F.A. ("WaMu"). The loan was secured by a deed of trust on the subject property, which was recorded on December 2, 2005. [Request for Judicial Notice ("RJN"), Exh. G.] On September 25, 2008, Chase acquired certain assets and liabilities of WaMu from the Federal Deposit Insurance Company ("FDIC") evidenced by a purchase and assumption agreement. [RJN Exh. H.]

1  Plaintiff defaulted on the loan, and on February 3, 2011 the trustee, CRC, recorded a notice
2  of default. [RJN Exh. I.]  On May 23, 2011, a notice of trustee sale was recorded, which stated an
3  unpaid balance and other charges due of $480,606.57.  [RJN Exh. J.][1]

4  On September 21, 2011, Plaintiff, proceeding *pro se*, filed her complaint against
5  Defendants in the San Diego Superior Court.  Plaintiff's complaint alleges nine causes of action:
6  (1) violation of Truth in Lending Act ("TILA"), 15 U.S.C. § 1611 *et seq*.; (2) violation of Real
7  Estate Settlement Procedures Act ("RESPA"), 26 U.S.C. § 2605 *et seq*.; (3) violation of Home
8  Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. § 1602 *et seq*.; (4) violation
9  of Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq*.; (5) breach of fiduciary
10 duty; (6) breach of covenant of good faith and fair dealing; (7) injunctive relief; (8) declaratory
11 relief; and (9) violation of California Civil Code § 2923.6.[2]

12 On October 24, 2011, Defendants timely removed the action to this Court. [Doc. No. 1.]
13 On October 31, 2011, Defendants filed the pending motion to dismiss Plaintiff's Complaint [Doc.
14 No. 4], and Plaintiff filed an opposition to the motion on January 10, 2012.  [Doc. No. 9.]

15 **LEGAL STANDARD**

16 A pleading must contain "a short and plain statement of the claim showing that the pleader
17 is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2).  A party may move to dismiss a complaint for
18 "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A complaint
19 survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible
20 on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The court reviews the
21 contents of the complaint, accepting all factual allegations as true, and drawing all reasonable
22 inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.
23 2005). Notwithstanding this deference, the reviewing court need not accept "legal conclusions" as

---

[1] It is unclear from the pleadings whether the property has already been sold at foreclosure sale.  Plaintiff's complaint refers to the "impending foreclosure sale" of the property, indicating that the foreclosure sale had not yet taken place.  However, the complaint was filed in September 2011, and in the absence of an injunction prohibiting Defendants from selling the property, the property could have been sold at foreclosure sale.

[2] Plaintiff's complaint appears to be a form complaint as it is near identical to complaints filed in other actions in this district. [RJN Exhs. A & C]

true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [it] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

Where a Plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panachi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1998). The Court must give a *pro se* litigant leave to amend his complaint "unless it determines that the pleadings could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted) (citing *Noll. v. Carlson*, 809 F.2d 1446, 1447 (9th Cir. 1987).

### DISCUSSION

*a)* ***Request for Judicial Notice***

In support of its motion to dismiss, Defendants request the Court take judicial notice of the following documents:

(1) Complaint, *Tasaranta v. Homecomings Financial LLC, et al.*, United States District Court for the Southern District of California, Case No. 3:09-cv-01666 WQH (JMA), Doc. No. 1, pp.10-21;

(2) Order Granting Motion to Dismiss Complaint, September 21, 2009, United States District Court for the Southern District of California, Case No. 3:09-cv-01666 WQH (JMA), Doc. No. 10;

(3) Complaint, *Serrano v. Security National Mortgage Company, et al.*, United States District Court for the Southern District of California, Case. No. 3:09-cv-01416-H-CAB, Doc. No. 1, pp. 8-19;

(4) Order Granting Motion to Dismiss Complaint, August 14, 2009, United States District Court for the Southern District of California, Case. No. 3:09-cv-01416-H-CAB, Doc. No. 6;

(5) Complaint, *Amaro v. Option One Mortgage Corp., et al.*, United States District Court for the Central District of California, Case No. 5:08-cv-01498-VAP-AJW, Doc. No. 1, pp. 12-27;

(6) Order Granting Motion to Dismiss Complaint, January 14, 2009, United States District Court for the Central District of California, Case No. 5:08-cv-01498-VAP-AJW, Doc. No. 14;

(7) Deed of Trust, recorded in the County of San Diego on December 2, 2005;

(8) Purchase and Assumption Agreement, dated September 25, 2008, between Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank, and JPMorgan Chase Bank, N.A.;

(9) Notice of Default and Election to Sell Under Deed of Trust, recorded in the County of San Diego on February 3, 2011;

(10) Notice of Trustee's Sale, recorded in the County of San Diego on May 23, 2011.

Plaintiff does not oppose Defendants' request for judicial notice.

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts. FED. R. EVID. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of Los*

1  *Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

2  The publicly filed documents submitted by Defendants are not subject to reasonable
3  dispute and are proper subjects of judicial notice. Courts have taken judicial notice of nearly
4  identical documents. *E.g. Rodriguez v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 145174,
5  2011 WL 6304152 (N.D. Cal. Dec. 16, 2011) (taking judicial notice of deed of trust, notice of
6  default and notice of trustee's sale); *Molina v. Washington Mut. Bank*, 2010 U.S. Dist. LEXIS
7  8056, 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010) (taking judicial notice of the Wamu-Chase
8  Purchase and Assumption Agreement). Judicial notice of the complaints in other cases and the
9  orders dismissing them is also appropriate because their existence is "capable of accurate and
10 ready determination by sources whose accuracy cannot reasonably be questioned." FED. R. EVID.
11 201(b). However, the Court is careful to note it is only taking judicial notice of the existence of
12 these documents and not the specific statements and/or allegations contained within the
13 documents. Accordingly, the Court **GRANTS** Defendants' request for judicial notice, but to the
14 extent that Defendants request judicial notice of the legal arguments contained within these
15 documents, the request is **DENIED**.

16 *b)*     *Rule 12(b)(6) Motion to Dismiss*

17 Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure
18 12(b)(6) for failure to state a claim under Rule 8(a). Although Plaintiff opposes the motion,
19 Plaintiff fails to address the deficiencies raised in Defendants' motion to dismiss. Rather,
20 Plaintiff's opposition merely recites the legal standards governing motions to dismiss and
21 concludes, with no supporting argument, that her allegations are sufficient to state a claim.

22 1)      TILA Claim

23 Plaintiff's first cause of action alleges that Defendants violated TILA by refusing to
24 "validate or otherwise make a full accounting of required disclosures as to the true finance charges
25 and fees," improperly retaining funds belonging to Plaintiff, and failing to disclose the status of the
26 ownership of the loans. [Compl. ¶ 19.] Plaintiff alleges that these TILA violations entitle her to
27 rescission, damages, attorneys fees, and punitive damages. [Compl. ¶¶ 20-23.]

28

1    Defendants argue that Plaintiff's TILA claim fails because she invokes 15 U.S.C. § 1611,
2 which is a criminal provision with no private right of action, Plaintiff cannot recover civil
3 penalties from Defendants, the claim is time-barred, and Plaintiff's allegations do not state a claim.
4    As an initial matter, Defendants are correct that TILA section 1611 is a criminal provision,
5 which does not provide a private right of action.  Nevertheless, since Plaintiff is *pro se*, the Court
6 must construe the pleadings liberally and afford Plaintiff any benefit of the doubt.  *Karim-Panachi*
7 *v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1998).  As such, the Court will assume
8 that Plaintiff intended to invoke TILA's civil provisions.
9    TILA "requires creditors . . . to provide borrowers with clear and accurate disclosures of
10 [the] terms [of their loan, including] . . . finance charges, annual percentage rates of interest, and
11 the borrower's rights."  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§
12 1631, 1632, 1635, 1638)).  If a lender fails to satisfy TILA's disclosure requirements, it is liable
13 for "statutory and actual damages traceable to [its] failure to make the requisite disclosures."  *Id.*
14 (citing 15 U.S.C. § 1640(e)).
15    TILA claims seeking damages are subject to a one-year statute of limitations, 15 U.S.C.
16 § 1640(e), which "runs from the date of consummation of the transaction."  *King v. State of Cal.*,
17 784 F.2d 910, 915 (9th Cir. 1986).  Nevertheless, in certain circumstances the doctrine of equitable
18 tolling may "suspend the limitations period."  *Id*.  However, when a plaintiff fails to allege any
19 facts demonstrating that the alleged TILA violations could not have been discovered by due
20 diligence during the statutory period, equitable tolling should not be applied.  *See Meyer v.*
21 *Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).
22     TILA rescission claims "expire three years after the date of the consummation of the
23 transaction or upon the sale of the property, whichever comes first . . . "  15 U.S.C. § 1635(f).  In
24 contrast to a TILA damages claim, the three-year statute of limitations for TILA rescission claims
25 is not subject to equitable tolling.  *See Beach*, at 412 (stating that "§ 1635(f) completely
26 extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make
27 the required disclosures).
28

1   Here, Plaintiff's TILA claim is based on a loan transaction that closed in November 2005,
2 but Plaintiff did not file her complaint until September 2011, well over three years later.
3 Furthermore, Plaintiff's rescission claim is not subject to equitable tolling and Plaintiff has not
4 alleged sufficient facts to find equitable tolling of her TILA damages claim.  As such, Plaintiff's
5 TILA claims are time-barred.  Even if Plaintiff's claims were not time-barred, her allegations fail
6 to state a claim for violation of TILA because Plaintiff does not allege what required disclosures
7 Defendants failed to provide, which Defendant was required to provide them, or what funds were
8 improperly retained and by which Defendant.  Finally, Plaintiff seeks to rescind the loan, but does
9 not allege tender or an ability to tender the total debt owed.  *See Yamamoto v. Bank of N.Y.*, 329
10 F.3d 1167, 1173 (9th Cir. 2003) (affirming dismissal where the plaintiff admitted they could not
11 fulfil TILA's tender requirement).  Accordingly, the Court finds that Plaintiff's TILA claims are
12 time-barred and subject to dismissal for failure to state a claim.

13  2)      RESPA Claim

14          *i)      Illegal Yield Spread Premiums*

15   Plaintiff's second cause of action alleges that Defendants violated RESPA by placing loans
16 "for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in
17 excess of what would have been lawfully earned." [Compl. ¶ 26.]  Defendants argue Plaintiff's
18 RESPA claim should be dismissed because it is time-barred and Plaintiff's allegations do not
19 support a RESPA claim because she does not allege any facts related to the allegedly unlawful
20 fees.

21   RESPA protects home buyers "from unnecessarily high settlement charges by certain
22 abusive practices." 12 U.S.C. § 2601(a).  It provides plaintiffs with a private right of action for
23 payment of a kickback and unearned fees for real estate settlement services.  *See* 12 U.S.C.
24 § 2607(a), (b).  "In considering whether a [yield spread premium ("YSP")] is legal or illegal, a
25 court needs to ask whether goods or facilities were actually furnished or services were actually
26 performed for the compensation paid and whether the payments were reasonably related to the
27 value of the goods or facilities that were actually furnished or services that were actually
28

1  performed." *Allan v. GreenPoint Mortg. Funding*, 2011 U.S. Dist. LEXIS 30221, *7-8, 2011 WL
2  1045125 (N.D. Cal. Mar. 21, 2011) (quoting *Bjustrom v. Trust One Mortg. Corp.*, 322 F.3d 1201,
3  1207 (9th Cir. 2003) (internal quotations omitted).  "If a YSP was paid for the foregoing reasons,
4  then it is permissible under RESPA." *Id.*

5        Claims brought under § 2607 are subject to a one-year statute of limitation.  12 U.S.C.
6  § 2614.  "Thus, where a plaintiff alleges that a defendant charged unlawful yield spread fees, he or
7  she must initiate suit within one year of the alleged violation . . ." *Gomez v. Wells Fargo Home*
8  *Mortg.*, 2011 U.S. Dist. LEXIS 134092, *13-14, 2011 WL 5834949 (N.D. Cal. Nov. 21, 2011).
9  Typically, the date of the occurrence of the violation is the date on which the loan closed." *Ayala*
10  *v. World Sav. Bank*, *FSB*, 616 F. Supp. 2d 1007, 1020 (C.D. Cal. 2009) (quoting *Bloom v. Martin*,
11  865 F. Supp. 1377, 1386-87 (N.D. Cal. 1994), aff'd by, 77 F.3d 318 (9th Cir. 1996)).

12        Here, Plaintiff alleges the loan was consummated in November 2005.  As such, Plaintiff's
13  claim is time-barred because she had until November 2006 to bring a claim under § 2607, but did
14  not do so until September 2011.  Furthermore, even if the claim was not time-barred, Plaintiff's
15  allegations are void of any factual allegations with respect to the fees – Plaintiff does not specify
16  the amount of the fees in question, which Defendant obtained the fees, or why the fees were
17  charged.  In the absence of such information, it is impossible to determine whether the allege fees
18  were reasonable under the circumstances.

19        *ii)*    *Section 2605(b)*

20        Plaintiff further alleges that Defendants violated RESPA § 2605(b) by transferring or
21  hypothecating the loan servicing duties without the required notice.  [Compl. ¶ 27.]  Defendants,
22  however, argue that Plaintiff's § 2605(b) claim is time-barred and Plaintiff fails to state a claim
23  because she does not claim to have suffered any actual damage from the alleged failure to notify
24  her that the servicing of her loan was transferred.

25        Under RESPA, "[e]ach servicer of any federally related mortgage loan shall notify the
26  borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other
27  person." 12 U.S.C. § 2605(b)(1).  RESPA states that anyone who violates RESPA shall be liable
28

for damages to an individual who brings an action under the section. *See* 12 U.S.C. § 2605(f). In order to survive a motion to dismiss a claim under section 2605, the plaintiff must allege actual harm. *Pok v. Am. Home Mortg. Servicing, Inc.*, 2010 U.S. Dist. LEXIS 9016, *12, 2010 WL 476674 (E.D. Cal. Feb. 2, 2010). This pleading requirement, however, is interpreted liberally. *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, 2009 U.S. Dist. LEXIS 79094, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009). Nonetheless, "simply having to file suit [does not suffice] as a harm warranting actual damages. If such were the case, every RESPA suit would inherently have a claim for damages built in." *Lal v. Am. Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). The applicable statute of limitation for a violation of section 2605 is three years from the date of the alleged violation. *Gomez*, 2011 U.S. Dist. LEXIS 134092, *13-14, 2011 WL 5834949 (N.D. Cal. Nov. 21, 2011).

Here, it is unclear from the pleadings whether this claim is time-barred because Plaintiff does not specify when the alleged transfer occurred. If the transfer took place on September 28, 2008, when Wamu was succeeded by Chase, the claim is not time-barred because Plaintiff filed her complaint on September 21, 2011 – just under three years from the date of the transfer. Nevertheless, Plaintiff's allegations are subject to dismissal because Plaintiff does not allege any facts related to the alleged transfer of the servicing contract, including whether she was harmed by the alleged transfer of the servicing contract. In the absence of actual harm, Plaintiff cannot state a claim for violation of section 2605(b).

3)    <u>HOEPA Claim</u>

Plaintiff's third cause of action alleges her "loan was placed in violation of HOEPA as it was placed and administered and otherwise utilized without regard to Plaintiff's income or cash flow and with the intention of inducing a default." [Compl. ¶ 33.] Plaintiff further alleges that she became aware of this violation "upon the discovery of Defendants' intent to wrongfully foreclose and sell his [*sic*] property." [Compl. ¶ 34.] Defendants seek dismissal of Plaintiff's HOEPA claim on the grounds that the claim is time-barred and Plaintiff's allegations do not support a HOEPA claim.

"HOEPA is an amendment of TILA, and therefore is governed by the same remedial scheme and statutes of limitations as TILA." *Hamilton v. Bank of Blue Valley*, 746 F. Supp. 2d 1160, 1179 (E.D. Cal. 2010) (citation and internal quotation marks omitted). Therefore, claims for rescission are subject to the three-year statute of limitations and claims for damages are subject to the one-year statute of limitations. In order to be subject to the protections afforded by HOEPA, one of two factors has to be established – either the annual percentage rate of the loan at consummation must exceed by more than ten percent the applicable yield on treasury securities, or the total points and fees payable by the consumer at or before closing has to be greater than eight percent of the total amount. *See* 15 U.S.C. § 1602(aa)(1) & (3); *see also Lynch v. RKS Mortg., Inc.*, 588 F. Supp. 2d 1254, 1260 (E.D. Cal. 2008). In addition, HOEPA expressly excludes "residential mortgage transactions." 15 U.S.C. § 1602(aa). Among other things, a residential mortgage transaction is for the purpose of "financ[ing] the acquisition or initial construction of such dwelling." *Id.* § 1602(w).

Here, Defendants argue the subject loan falls within the exception for "residential mortgage transactions" and Plaintiff does not offer any information to the contrary. Although it is unclear from the record whether the transaction at issue was a purchase money mortgage or a refinance of an existing mortgage, Plaintiff fails to allege sufficient facts to show her loan is protected by HOEPA. Furthermore, since the same statute of limitations applies to Plaintiff's HOEPA claims as her TILA claims, they may also be time-barred. However, Plaintiff may be able to invoke equitable tolling with respect to her HOEPA claim because she alleges she was not aware of Defendants HOEPA violations until she discovered Defendants intent to wrongfully foreclose on her property. Therefore, Plaintiff fails to state a HOEPA claim and even if she did, it may be time-barred.

4) <u>FDCPA Claim</u>

Plaintiff's fourth cause of action for violation of the FDCPA alleges Defendants are "debt collectors" within the meaning of the FDCPA and Plaintiff requested validation of the debt and Defendants did not respond within the requirements of the Act. [Compl. ¶¶ 37-39.] Defendants,

however, argue that these allegations fail to state a claim because the FDCPA does not apply to collection on residential loans, Defendants are not debt collectors within the meaning of the FDCPA, and Plaintiff does not allege sufficient facts to state a claim.

The declared purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. To state a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Adesokan v. U.S. Bank, N.A.*, 2011 U.S. Dist. LEXIS 125591, 2011 WL 5341178, at *4 (E.D. Cal. Oct. 31, 2011).

The FDCPA defines "debt collector" as one who collects consumer debts owed to another. 15 U.S.C. § 1692(a)(6). The term does not include any person who collects any debt owed or due to the extent such activity concerns a debt which "was originated by such person" or "was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(ii), (iii). The FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was *not in default at the time it was assigned*." *Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Steward Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)) (emphasis added).

The Ninth Circuit has yet to determine if foreclosure proceedings constitute "debt collection" within the ambit of the FDCPA, but most district courts within the circuit have found that they do not. *See, e.g., Garfinkle v. JPMorgan Chase Bank*, 2011 U.S. Dist. LEXIS 81054, 2011 WL 3157157 (N.D. Cal. July 26, 2011) (collecting cases); *but see Wilson v. Draper & Goldberg PLLC*, 443 F.3d 373, 376-77 (4th Cir. 2006) (concluding that a plaintiff's "'debt' remained a 'debt' even after foreclosure proceedings commenced" and the actions "surrounding the foreclosure proceedings were attempts to collect that debt."); *Carter v. Deutsche Bank Nat. Trust Co.*, 2010 U.S. Dist. LEXIS 44984, 2010 WL 1875718, at *1-2 (N.D. Cal. May 7, 2010)

(discussing split in authority and declining to dismiss plaintiff's FDCPA claim at the pleading stage).

Here, although Plaintiff alleges Defendants are "debt collectors," she fails to allege facts indicating that either Defendant is a "debt collector" under the FDCPA. Furthermore, Chase is not a "debt collector" under the meaning of the act, because Chase is a loan servicer. *Jelsing v. MIT Lending*, 2010 U.S. Dist. LEXIS 68515, 2010 WL 2731470 (S.D. Cal. July 9, 2010) ("[a] mortgage servicing company is not a debt collector within the meaning of the FDCPA.") (Moskowitz, J.). Therefore, Plaintiff cannot maintain a claim for violation of the FDCPA against Chase. Although it remains unclear whether CRC is a "debt collector," Plaintiff nevertheless fails to state a claim for violation of the FDCPA against CRC because Plaintiff does not allege that CRC "attempted to collect a debt" from Plaintiff. Even if she alleged the foreclosure action was an "attempt to collect a debt," the law is unsettled whether foreclosure proceedings constitute collection of a debt. Furthermore, Plaintiff does not allege how, when, or to whom she "requested validation," of the debt, or how Defendants responded. Accordingly, Plaintiff's allegations are insufficient to state a claim for violation of the FDCPA and amendment would be futile.

5) <u>Breach of Fiduciary Duty</u>

Plaintiff's fifth cause of action for breach of fiduciary duty alleges that Defendants breached their fiduciary duty because they "placed and negotiated loans without due care to the best interests of Plaintiff(s) or for the protection of his [*sic*] rights." [Compl. ¶ 45.] Defendants argue that this claim fails because Plaintiff does not allege sufficient facts to establish the existence of a fiduciary relationship, a breach, or damage.

"A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such." *Downey v. Humphreys*, 227 P.2d 484, 490 (Cal. Ct. App. 1951). The same principle applies "to the relationship between a bank and its loan customers." *Price v. Wells Fargo Bank*, 261 Cal. Rptr. 735, 740 (Cal. Ct. App. 1989). "[A]bsent special circumstances … a loan transaction is at [*sic*] arm's length and there is no fiduciary relationship between the borrower and lender." *Perlas v. GMAC Mortgage, LLC*, 113 Cal. Rptr. 3d 790, 796 (Cal. Ct. App. 2010).

1  Therefore, a lender does not owe its borrowers a fiduciary duty.  Without a fiduciary relationship,
2  there can be no breach of fiduciary duty.  *Tina v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist.
3  LEXIS 88302, *11, 2008 WL 4790906 (S.D. Cal. Oct. 30, 2008).

4  Likewise, a trustee to a deed of trust does not owe a fiduciary duty to the beneficiary or
5  trustor.  *Hatch v. Collins*, 275 Cal. Rptr. 476, 480 (Cal. Ct. App. 1990) (citation omitted).  "A
6  trustee under a deed of trust has neither the powers nor the obligations of a strict trustee; rather, he
7  serves as a kind of common agent for the trustor and the beneficiary."  *Id*. at 1111.  "His agency is
8  a passive one, for the limited purpose of conducting a sale in the event of the trustor's default or
9  reconveying the property upon satisfaction of the debt."  *Id*.

10  In the present case, Chase is a lender and CDC is the trustee – neither Defendant owes
11  Plaintiff a fiduciary duty.  Accordingly, Plaintiff cannot state a claim for breach of fiduciary duty
12  against Defendants and amendment would be futile.

13  6)   <u>Breach of Covenant of Good Faith and Fair Dealing</u>

14  Plaintiff's sixth cause of action for breach of the covenant of good faith and fair dealing
15  alleges that "there existed an implied covenant of good faith and fair dealing requiring Defendants,
16  and each of them, to safeguard, protect, or otherwise care for the assets and rights of Plaintiff(s)."
17  [Compl. ¶ 49.]  Plaintiff further alleges that Defendants breached the implied covenant by
18  commencing foreclosure proceedings against Plaintiff's property "without the production of
19  documents demonstrating the lawful rights for the foreclosure."  [Compl. ¶ 50.]  Defendants argue
20  that this claim fails because Plaintiff does not allege any facts showing a special relationship
21  between the herself and either of the Defendants, and does not allege any contractual provision
22  with which Defendants failed to comply.

23  The covenant of good faith and fair dealing arises between parties to a contract.  *See Price*,
24  261 Cal. Rptr. At 741; Rest.2d Contracts § 205 ("Every contract imposes upon each party a duty of
25  good faith and fair dealing in its performance and its enforcement.").  The implied covenant,
26  however, "does not impose any affirmative duty of moderation in the enforcement of legal rights."
27  *Id.* at 742.  Furthermore, California law is clear that a lender is not obligated to ensure the
28

1  borrower's financial ability to repay the loan or otherwise safeguard a borrower's assets.  *Perlas*,
2  113 Cal. Rptr. 3d at 796.

3        Here, Chase succeeded Wamu as the beneficiary under the deed of trust and when Plaintiff
4  defaulted on her loan obligations, Chase had a legal right to foreclose on the property.
5  Accordingly, Chase did not breach the implied covenant of good faith and fair dealing because it
6  was merely exercising its legal right to foreclose.  Furthermore, Plaintiff cannot allege that she
7  fully performed her obligations under the loan because she does not deny that she defaulted on the
8  loan.  Finally, Plaintiff does not allege what documents Defendants failed to produce in order to
9  demonstrate its legal right to foreclose on the property.  Therefore, Plaintiff fails to state a claim
10  for breach of the covenant of good faith and fair dealing and amendment would be futile.

11  7)     <u>Injunctive Relief</u>

12        The complaint also seeks injunctive relief and seeks to enjoin Defendants from interfering
13  with Plaintiff's use and enjoyment of the property by dispossessing her from the property.
14  [Compl. ¶ 63.]  Defendants argue that this claim fails because injunctive relief is a remedy, not a
15  cause of action, and since all of Plaintiff's causes of action fail, there is no supporting claim for
16  which Plaintiff could obtain the remedy of injunctive relief.

17        As Defendants correctly point out, injunctive relief "is a remedy and not, in itself, a claim,
18  and a claim must exist before injunctive relief may be granted."  *See Loder v. World Sav. Bank,*
19  *N.A.*, 2011 U.S. Dist. LEXIS 53166, at *21-22, 2011 WL 1884733 (N.D. Cal. May 18, 2011)
20  (citing *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942)).  Since Plaintiff's other causes
21  of action are all defective, there is no claim upon which a claim for injunctive relief can be
22  predicated.

23        Furthermore, a court may only grant injunctive relief "upon a clear showing that the
24  plaintiff is entitled to such relief."  *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).
25  To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood
26  that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the
27  balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in
28

the public interest. *Id.* at 374. In considering the four factors, the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 376 (quoting *Amoco Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 542 (1987)). Injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). As discussed herein, Plaintiff cannot prevail on the merits of any of her claims as they are currently alleged. In the absence of a predicate claim, Plaintiff cannot seek injunctive relief.

8) <u>Declaratory Relief</u>

The complaint also includes a cause of action for declaratory relief seeking a declaration of the parties' respective rights and duties to determine the actual status and validity of the loan, deed of trust, nominated beneficiaries, actual beneficiaries, loan servicers, trustees instituting foreclosure proceedings and related matters. [Compl. ¶ 71.] Defendants argue that the claim for declaratory relief should be dismissed because it is simply a remedy and not a cause of action. Defendants also argue that the claim fails because Plaintiff has not alleged an ability to tender the debt and it is duplicative of her other claims.

While there is case law that supports Defendants' position, there is also case law to the contrary indicating that a claim for declaratory relief is possible. *See, e.g., Karimi v. GMAC Mortg.*, 2011 U.S. Dist. LEXIS 136071, at *15-16, 2011 WL 5914006 (N.D. Cal. Nov. 28, 2011) (relying on the Declaratory Judgment Act, which authorizes district courts to "declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a)). However, before granting declaratory relief, the Court must first find that an actual case or controversy within its jurisdiction exists. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005); *see also* 28 U.S.C. § 2201(a). A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. *Manown v. Cal-W. Reconveyance Corp.*, 2009 U.S. Dist. LEXIS 68392, 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009). Furthermore, a claim for declaratory relief fails where the plaintiff seeks to redress past wrongs

1  rather than a declaration as to future rights. *Edejer v. DHI Mortg. Co.*, 2009 U.S. Dist. LEXIS
2  52900, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009).

3        Here, Plaintiff's claim for declaratory relief fails because the claim is duplicative of her
4  other claims. *See Permpoon v. Wells Fargo Bank Nat'l Ass'n*, 2009 U.S. Dist. LEXIS 89723,
5  2009 WL 3214321, at *5 (S.D. Cal. Sept. 29, 2009) (dismissing declaratory judgment claim, where
6  claim was duplicative of other invalid claims).  Plaintiff's claim for declaratory relief is based
7  upon the same allegations supporting her other causes of action and merely seeks a declaration of
8  the legal rights of the parties and a declaration regarding the legality of Defendants' foreclosure of
9  the subject property.  As such, Plaintiff fails to state a claim for declaratory relief.

10  9)    <u>California Civil Code § 2923.6</u>

11        Plaintiff's ninth cause of action is for violation of California Civil Code § 2923.6.  Plaintiff
12  alleges that she is willing, able and ready to modify her loan and that the statute "requires servicers
13  to accept loan modifications with borrowers." [Compl. ¶ 74.]  Defendant, however, argues that
14  this claim fails because section 2923.6 does not require any action on the part of lenders and does
15  not create a private right of action for borrowers.

16        Section 2923.6 expresses the intent of the California Legislature for "the mortgagee,
17  beneficiary, or authorized agent to offer the borrower a loan modification . . . if such a
18  modification . . . is consistent with its contractual or other authority." Cal. Civ. Code § 2923.6
19  (2010).  "This section confers no substantive rights on borrowers, but simply expresses the
20  legislative hope that lenders will offer loan modifications." *Gutierrez v. PNC Mortg.*, 2012 U.S.
21  Dist. LEXIS 41890, 2012 WL 1033063 (S.D. Cal. Mar. 26, 2012) (citing *Connors v. Home Loan*
22  *Corp.*, No. 08cv1134, 2009 U.S. Dist. LEXIS 48638, 2009 WL 1615989, at *8 (S.D. Cal. June 9,
23  2009)).  To require lenders to perform loan modifications would "run afoul of federal law."
24  *Marbry v. Superior Court*, 110 Cal. Rptr. 3d 201, 223 (Cal. Ct. App. 2010).  Therefore, Plaintiff's
25  allegation that Defendants were required to modify her loan is incorrect as a matter of law.
26  Accordingly, Plaintiff cannot state a claim for violation of § 2923.6 and amendment would be
27  futile.
28

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants motion and **DISMISSES** Plaintiff's complaint. Because the Court finds that amendment would not be futile with respect to the claims dismissed **without prejudice**, the Court **GRANTS** Plaintiff leave to amend those claims. Accordingly, the Court **ORDERS AS FOLLOWS**:

1. Plaintiff's first cause of action for violation of TILA is **DISMISSED** – the TILA damages claim is dismissed **without prejudice** and the TILA rescission claim is dismissed **with prejudice**;
2. Plaintiff's second cause of action for violation of RESPA is **DISMISSED without prejudice**;
3. Plaintiff's third cause of action for violation of HOEPA is **DISMISSED without prejudice**;
4. Plaintiff's fourth cause of action for violation of FDCPA is **DISMISSED with prejudice**;
5. Plaintiff's fifth cause of action for breach of fiduciary duty is **DISMISSED with prejudice**;
6. Plaintiff's sixth cause of action for breach of the implied covenant of good faith and fair dealing is **DISMISSED with prejudice**;
7. Plaintiff's seventh cause of action for injunctive relief is **DISMISSED without prejudice**;
8. Plaintiff's eighth cause of action for declaratory relief is **DISMISSED with prejudice**;
9. Plaintiff's ninth cause of action for violation of California Civil Code § 2923.6 is **DISMISSED with prejudice**;
10. Plaintiff shall filed her amended complaint, if any, within *fourteen (14) days* of this Order;

///

1     11.    The clerk of Court is instructed to close the case.

2     **IT IS SO ORDERED**.

3 DATED: April 11, 2012

*[signature: Michael M. Anello]*

Hon. Michael M. Anello
United States District Judge